IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY B. WILDER,<br><br>Defendant. | No. 3:07-cr-0559-06-JAJ<br><br><br><br>**ORDER** |

This matter comes before the court pursuant to a review of all crack cocaine sentences imposed by the court prior to the November 1, 2010 amendments to the Sentencing Guidelines relating to crack cocaine. On November 1, 2011, those amendments were made retroactively applicable. Accordingly, the probation office filed a memorandum in this matter on October 18, 2011, setting forth its tentative opinion as to whether the defendant was entitled to a sentence reduction. The defendant filed a motion for sentence reduction on November 9, 2011. [Dkt. No. 522] The court now finds that he is not entitled to a sentence reduction.

Mr. Wilder was convicted on February 22, 2008, following a jury trial, on Counts 1, 3, 9, and 10 of an 11 count indictment. The presentence report attributed more than 1.5 kilograms to the defendant and accordingly assigned him a base offense level of 36. He received a three level role adjustment and a two level obstruction enhancement. At sentencing, drug quantity was a hotly disputed issue. After hearing sentencing testimony and considering trial testimony, the court assigned a base offense level of 34 to the defendant, representing 500 grams to 1.5 kilograms of crack cocaine. Following the

November 1, 2010 amendments to the Sentencing Guidelines regarding crack cocaine, level 34 is now associated with a drug quantity of between 840 grams and 2.8 kilograms of crack cocaine. Accordingly, if the defendant's drug quantity exceeded 840 grams, he remains at a base offense level 34 and is not entitled to a sentence reduction. He had a total offense level of 39 and a criminal history category of IV (360 months to life imprisonment).

Here, the court intended that the defendant was responsible for the top end of the drug quantity associated with a base offense level of 34. The court conservatively estimated a quantity just lower than that in the presentence report. By finding the defendant responsible for a drug quantity at or near 1.5 kilograms of crack cocaine, the defendant remains at a base offense level of 34 and he is not entitled to a reduction in sentence.

Upon the foregoing,

**IT IS ORDERED** that the defendant's Motion for Sentence Reduction [Dkt. No. 522] is denied. Defendant's sentence will not be reduced by reason of the November 1, 2010 amendments to the Sentencing Guidelines.

**DATED** this 6th day of September, 2012.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA